UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JADE C.,[1]

                                                    Plaintiff,                Case # 24-CV-6287-FPG

v.                                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant.

## INTRODUCTION

Plaintiff Jade C. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 7, 9. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In October 2021, Plaintiff applied for DIB and SSI with the Social Security Administration ("the SSA"). Tr.[2] 64. She alleged disability since July 2020 due to scoliosis, bulging disc in the SI joint, back arthritis, chronic back pain, anxiety, and PTSD. *Id.* In June 2023, Administrative

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 4, 4-1.

1

Law Judge Thomas Merrill ("the ALJ") issued a decision finding that Plaintiff is not disabled.  Tr. 17-31.  In March 2024, the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  This action seeks review of the Commissioner's final decision.  ECF No. 1.

## LEGAL STANDARD

### I.  District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.  Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).[3]  If so, the claimant is not disabled.  If not, the ALJ

---

[3] Because the DIB and SSI regulations mirror each other, the Court only cites the DIB regulations.  *See Chico v. Schweiker*, 710 F.2d 947, 948 (2d Cir. 1983).

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 2020, her alleged onset date. Tr. 20. At step two, the ALJ found that Plaintiff's only severe impairment was degenerative disc disease. *Id.* At step three, the ALJ found that this impairment did not meet or medically equal any Listings impairment. Tr. 24.

Next, the ALJ determined that Plaintiff had the RFC to perform light work, except that she could only stoop occasionally. Tr. 25. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 29. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 29-30. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 30-31.

### II. Analysis

Plaintiff argues that remand is warranted because the ALJ erred in his handling of both her physical RFC and mental RFC. The Court examines each separately.

#### a. Physical RFC

In concluding that Plaintiff could perform light work with an occasional stooping limitation, the ALJ adopted the less restrictive opinions of the state-agency consultants. *See* Tr. 28, 74, 105. Conversely, he found the more restrictive opinions of consultative examiner Harbinder Toor, M.D., and treating physician Joseph Bielecki, M.D., unpersuasive. Tr. 28. Plaintiff argues that the ALJ "engaged in an impermissible picking and choosing of the [least favorable] evidence" to credit the less restrictive opinions, ECF No. 7-1 at 9, and she points out

that there was evidence in her medical records to corroborate the more restrictive findings of Dr. Toor and Dr. Bielecki, *id.* at 10-11, including their consistency with each other, *id.* at 12.[4]

Remand is not warranted. 20 C.F.R. § 404.1520c identifies several factors that an ALJ will consider when evaluating medical opinions, the most important of which are "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2). The former pertains to the degree to which the medical source supports her opinion with "objective medical evidence and supporting explanations," while the latter pertains to the degree to which the opinion is consistent with "the evidence from other medical sources and nonmedical sources" in the record. *Id.* § 404.1520c(c)(1), (2). Where an ALJ's findings relating to the regulatory factors are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Consequently, the mere fact that a claimant can identify other evidence to support a different assessment of the relevant factors does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021).

In this case, the ALJ's evaluation of the relevant factors was reasonable. Plaintiff has a history of chronic back pain. Tr. 513. In July 2020, Plaintiff was injured in a car accident, which she alleges exacerbated her symptoms and rendered her unable to work. *See* Tr. 44. Plaintiff's claimed limitations are severe: at the hearing, Plaintiff testified that she can only walk for ten minutes, sit for twenty minutes, and stand for ten minutes. Tr. 46, 48.

---

[4] In passing, Plaintiff also contends that the ALJ "erred in elevating" the opinions of non-examining sources over "those from examining source[s] Dr.Toor and treating physician Dr. Bielecki." ECF No. 7-1 at 8. By itself, this argument is not meritorious. There is no brightline prohibition that precludes an ALJ from "affording a non-examining source more weight than an examining one, so long as the ALJ has valid reasons for doing so." *Michelle D. v. Comm'r of Soc. Sec.*, No. 22-CV-6538, 2024 WL 108685, at *4 (W.D.N.Y. Jan. 10, 2024) (internal quotation marks and brackets omitted).

As Plaintiff discusses in her brief, there is some evidence that arguably supports such restrictions. *See* ECF No. 7-1 at 10-11. Most prominently, Dr. Bielecki prepared a medical source statement indicating that, *inter alia*, Plaintiff could sit for twenty minutes at a time and for four hours each work day, could stand for fifteen minutes at a time and for two hours each work day, and would be absent more than four days per month. Tr. 1814-15. While not as onerous as Dr. Bielecki's opinion, Dr. Toor's consultative opinion also identifies some restrictions. Dr. Toor opined that, due to her back pain, Plaintiff would be moderately limited in her abilities to stand, walk, sit, bend, and lift. Tr. 1609.

But there was abundant evidence suggesting that Plaintiff's back pain was not as severe as she claimed. An MRI taken a few months after Plaintiff's accident revealed that she had "very modest spondylosis" and no disc extrusions or protrusions, and no spinal stenosis or nerve root compression. Tr. 1213. As treatment, Plaintiff undertook physical therapy and acupuncture, in addition to medication. Tr. 1209. Her treating physician, Joanne Wu, M.D., identified no work restrictions in the immediate aftermath of the accident or, indeed, at any subsequent time. Tr. 1191, 1209. With some breaks, Plaintiff continued to work part-time after the accident. *See* Tr. 995, 1200. Independent medical examinations conducted in 2021 noted that, based on the objective findings, Plaintiff's back issues were mild. *See* Tr. 865, 881, 891, 1124.

The ALJ reasonably relied on the mild diagnostic and clinical findings, conservative treatment, work activities, and unremarkable independent medical examinations to conclude that the record did not support limitations as significant as Plaintiff alleged. *See* Tr. 26-29. Plaintiff's claim that the ALJ impermissibly cherry-picked the record has no merit. Rather, the ALJ "acknowledged and resolved conflicts in the record to arrive at reasonable factual conclusions," and the fact "that Plaintiff can identify other evidence to support a different conclusion does not

entitle [her] to relief." *Heather P. v. Comm'r of Soc. Sec.*, No. 23-CV-6350, 2024 WL 4347338, at *5 (W.D.N.Y. Sept. 30, 2024).

### b. Mental RFC

At the hearing, Plaintiff alleged that she suffered from depression and anxiety that interfered with her ability to function in various respects. *See* Tr. 50-53. Three medical opinions undermined her claims, however.[5] Consultative examiner Adam Brownfeld, Ph.D., diagnosed Plaintiff with major depressive disorder and anxious distress, but opined that she had no restrictions beyond a mild limitation in regulating emotion, controlling behavior, and maintaining well-being. Tr. 1614. Two state-agency consultants found Plaintiff's mental impairments non-severe, noting that she was only mildly limited in her abilities to adapt and manage herself. *See* Tr. 69-70, 124-25. Relying on these three opinions, the ALJ found Plaintiff's mental impairments non-severe. Tr. 22-23.

Plaintiff argues that, because these three opinions identified some mild limitations, the ALJ was required to include *some* related restriction in the RFC or, at the least, fully explain why he did not. *See* ECF No. 7-1 at 12-15. The Court disagrees. "[A] finding of mental limitation in analysis of the paragraph B criteria at Step 2 does not necessarily imply a corresponding limitation in a claimant's RFC." *Kathryn A. v. Comm'r of Soc. Sec.*, No. 22-CV-1392, 2023 WL 8596012, at *9 (D. Conn. Dec. 12, 2023). As for the lack of explanation, the Court understands the ALJ to have omitted any mental-health restrictions in the RFC for the same reasons that he deemed Plaintiff's mental impairments non-severe, including the mild objective findings, extent of her daily activities, and the unremarkable medical opinions. *See* Tr. 22-23; *see also Mongeur v.*

---

[5] In addition, Dr. Bielecki identified various restrictions arising from Plaintiff's mental impairments. *See* Tr. 1813-18. The ALJ found this aspect of Dr. Bielecki's opinion unpersuasive, Tr. 22-23, and Plaintiff does not challenge that conclusion. ECF No. 7-1 at 12-15.

*Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (stating that, so long as the "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," an ALJ is not required to "mention[] every item of testimony presented to him or [] explain[] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability"). Plaintiff has not shown that the ALJ's treatment of her mental impairments was defective.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 5, 2025
　　　　Rochester, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　HON. FRANK P. GERACI, JR.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　　　　　Western District of New York